UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
-----------------------------------------------------------------X
MARIA COTE, Individually and on                  :
Behalf of All Other Persons Similarly Situated,  :   Case No.: _____
                                                 :
                        Plaintiff,               :
                                                 :   CLASS ACTION COMPLAINT
        -against-                                :
                                                 :
                                                 :   JURY TRIAL DEMANDED
PETCO ANIMAL SUPPLIES, INC.;                     :
PETCO HOLDINGS, INC.                             :
                                                 :
                        Defendants.              :
-----------------------------------------------------------------X
```

## INTRODUCTION

Plaintiff MARIA COTE, individually and on behalf of all others similarly situated, files this Class Action Complaint against Defendants PETCO ANIMAL SUPPLIES STORES, INC. and PETCO HOLDINGS, INC. ("Defendants" or "Petco") (together with Plaintiff, "the Parties"), seeking all available relief under Massachusetts law, particularly Mass. Gen. Laws ch. 149, §§148 and 150, and Mass. Gen. Laws ch. 151, §§1A and 1B. The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

## NATURE OF THE ACTION

1. Plaintiff brings this action under Mass. Gen. Laws ch. 149, §§148 and 150, and Mass. Gen. Laws ch. 151, §§1A and 1B, pursuant to Fed. R. Civ. P. 23 on behalf of all Assistant Store Managers ("ASMs") and other employees holding comparable positions with different titles employed by Defendants at their stores within Massachusetts (the "Massachusetts Class"). Defendants violated Massachusetts law by failing to pay ASMs for all hours worked, failing to

pay ASMs overtime on a timely basis, and failing to pay ASMs the legally required amount of overtime compensation required by law for all hours worked over 40 in a workweek.  Plaintiff and the Massachusetts Class are entitled to unpaid wages from Defendants for all hours worked by them, as well as unpaid overtime wages for hours worked over 40 in a workweek, and are entitled to treble and liquidated damages pursuant to Massachusetts law, particularly Mass. Gen. Laws ch. 149, §§148 and 150, and Mass. Gen. Laws ch. 151, §§1A and 1B.

## JURISDICTION AND VENUE

2.	This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332(a) because the Parties are citizens of different states and because the amount in controversy exceeds $75,000, exclusive of interest and costs. The Court has jurisdiction over the claims of the Massachusetts Class Members under 28 U.S.C. § 1332(a) and/or 28 U.S.C. § 1367.

3.	This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332(d) and the Class Action Fairness Act ("CAFA").  The amount in controversy exceeds $5,000,000, exclusive of interest and costs.  There is minimal diversity because at least one member of the class is a citizen of a state different from Defendants.

4.	The class claims involve matters of national or interstate interest.

5.	Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District.

6.	Upon information and belief, Defendant regularly conducts business in this district.

7.	This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

# THE PARTIES

*Plaintiff*

8. Plaintiff was, at all relevant times, an adult individual over the age of eighteen (18), residing in Massachusetts.

9. Plaintiff was employed by Defendants from approximately May 2009 to January 2015 as an ASM at Defendants' store in North Andover, Massachusetts.

10. While employed as an ASM, Plaintiff regularly worked in excess of 40 hours per workweek, without receiving overtime compensation as required by state law. For example, during the week of December 14, 2015 Plaintiff worked more than 40 hours.

***Defendants:*** *Petco Animal Supplies, Inc. and Petco Holdings, Inc.*

11. Defendant Petco Animal Supplies, Inc. is a Delaware corporation with its principal places of business at 10850 Via Fontera, San Diego, California. According to its website, Petco Animal Supplies, Inc. is a privately held company with more than 1,150 specialty retail stores nationwide, selling pet food, live animals, pet supplies and related goods and services.

12. Defendant Petco Holdings, Inc. is a Delaware corporation with its principal place of business at 9125 Rehco Road, San Diego, California.

13. Defendants Petco Animal Supplies, Inc. and Petco Holdings, Inc. were and are doing business in California, including at their retail locations throughout the State of California.

14. At all relevant times, Defendants Petco Animal Supplies, Inc. and Petco Holdings, Inc. have employed Plaintiff and the Massachusetts Class Members within the meaning of Massachusetts law.

15. Defendants Petco Animal Supplies, Inc. and Petco Holdings, Inc. are each covered employers within the meaning of Massachusetts law.

16. Defendants Petco Animal Supplies, Inc. and Petco Holdings, Inc. employed employees (including Plaintiff and the Massachusetts Class Members) who were engaged in commerce or the production of goods for commerce.

17. Upon information and belief, Defendant Petco Animal Supplies, Inc. and Defendant Petco Holdings, Inc. each had annual gross revenues in excess of $500,000 for all relevant periods herein.

18. Defendants Petco Animal Supplies, Inc. and Petco Holdings, Inc. operate in concert and together in a common enterprise and through related activities, so that the actions of one may be imputed to the other, and/or they operate as joint employees within the meaning of Massachusetts law, and/or were otherwise legally responsible in some way for the matters alleged herein and proximately caused Plaintiff and the Massachusetts Class Members to be subject to the unlawful pay practices described in this Complaint.

19. Defendants issued paychecks to Plaintiff and all similarly situated employees during their employment.

20. Defendants directed the work of Plaintiff and similarly situated employees, and benefited from work performed that Defendants suffered or permitted from them.

21. Plaintiff and similarly situated employees worked in excess of 40 hours per workweek, without receiving overtime compensation as required by Massachusetts law.

22. Pursuant to Defendants' policy, pattern and/or practice, Defendants did not pay Plaintiff and other similarly situated employees proper overtime wages for hours they worked for Defendants' benefit in excess of 40 hours in a workweek.

## **FACTUAL ALLEGATIONS**

23. Defendants employed Plaintiff and the Massachusetts Class Members as ASMs.

24. Defendants maintain control, oversight, and discretion over the operation of their retail stores, including their employment practices with respect to Plaintiff and the Massachusetts Class Members.

25. Plaintiff's and the Massachusetts Class Members' work as ASMs was performed in the normal course of Defendants' business and was integrated into it.

26. Consistent with Defendants' policy, pattern and/or practice, Plaintiff and the Massachusetts Class Members regularly worked in excess of 40 hours per workweek without being paid overtime wages, in violation of the FLSA.

27. The number of shifts that Plaintiff and each individual Massachusetts Class Member worked per week can be ascertained from Defendants' records.

28. Defendants have assigned and are aware of all of the work that Plaintiff and the Massachusetts Class Members have performed.

29. The work performed for Defendants by Plaintiff and the Massachusetts Class Members required little skill and no capital investment, nor did said work include managerial responsibilities or the exercise of meaningful independent judgment and discretion.

30. Plaintiff and the Massachusetts Class Members performed the same primary job duties: working the cash registers, stocking shelves, cleaning and straightening the store, assisting customers, organizing the store according to detailed corporate directives called planograms, unpacking merchandise, unloading trucks, and caring for pets, including cleaning pet cages.

31.     Throughout the Massachusetts Class Period, and continuing to the present, the primary job duties of Plaintiff and the Massachusetts Class Members did not include hiring, firing, disciplining, or directing the work of other employees, or exercising meaningful independent judgment or discretion.

32.     The primary job duties of Plaintiff and the Massachusetts Class Members did not materially differ from the duties of Defendants' non-exempt hourly paid employees. Their primary duties were manual in nature. The performance of manual labor and non-exempt duties occupied the majority of Plaintiff's and Massachusetts Class Members' working hours.

33.     Pursuant to a centralized, company-wide policy, pattern and/or practice, Defendants classified Plaintiff and the Massachusetts Class Members as exempt from coverage of the overtime provisions of Massachusetts law.

34.     Upon information and belief, Defendants did not perform a person-by-person analysis of the job duties of Plaintiff and the Massachusetts Class Members when making the decision to classify all of them uniformly as exempt from the overtime protections of Massachusetts law.

35.     Defendants established labor budgets to cover labor costs for the stores in which Plaintiff and the Massachusetts Class Members worked. Defendants did not provide sufficient resources in the labor budgets for non-exempt employees to complete all of the non-exempt tasks in each store.  Defendants knew or recklessly disregarded the fact that failing to provide sufficient resources in store labor budgets resulted in Plaintiff and Massachusetts Class Members (who were not paid overtime) to work more than 40 hours in a workweek and primarily perform manual and non-exempt duties during their workweeks, without receiving overtime

compensation. This allowed Defendants to avoid paying additional wages (including overtime) to the non-exempt store-level employees.

36. Defendants acted willfully and knew, by virtue of the fact that their General Managers and District Managers (as their authorized agents) actually saw Plaintiff and other similarly situated ASMs perform primarily manual labor and non-exempt duties, that a result of the underfunded labor budgets was to limit the amount of money available to pay non-exempt employees to perform such work.

37. As an experienced and practical retailer operating over 1,150 stores throughout the country, Defendants were aware or recklessly disregarded the fact that by underfunding the labor budgets for store locations, Plaintiff and other similarly situated ASMs were primarily performing non-exempt duties and not performing activities that would suffice to make their actual job duties comply with any overtime exemption under Massachusetts law. Inasmuch as Defendants are substantial corporate entities aware of their obligations under Massachusetts law, they, accordingly, acted willfully or recklessly in failing to classify Plaintiff and other similarly situated ASMs as non-exempt employees.

38. Defendants' unlawful conduct as described above, was willful and/or in reckless disregard of the applicable wage and hour laws pursuant to Defendants' centralized, company-wide policy, pattern, and/or practice of attempting to minimize labor costs by violating the overtime law of Massachusetts.

39. As part of its regular business practice, Defendants have intentionally, willfully and repeatedly engaged in a policy, pattern and/or practice of violating the Massachusetts law with respect to Plaintiff and the Massachusetts Class Members. This policy, pattern and/or practice includes, but it is not limited to the foregoing knowledge of its obligations and the kind

of work that Plaintiff and the Massachusetts Class Members were and have been performing, and that, as a result, Defendants have been:

    a. willfully misclassifying Plaintiff and the Massachusetts Class Members as exempt from the overtime requirements of Massachusetts law;

    b. willfully failing to pay Plaintiff and the Massachusetts Class Members overtime wages for hours they worked in excess of 40 hours per week; and

    c. willfully failing to provide enough money in their store-level labor budgets for Defendants' non-exempt employees to perform their duties and responsibilities, thereby forcing Defendants' exempt ASMs to perform such non-exempt tasks.

40. Defendants' willful violations of Massachusetts law are further demonstrated by the fact that throughout the Collective Action Period and continuing to the present, Defendants failed to maintain accurate and sufficient time records for Plaintiff and the Massachusetts Class Members. Defendants acted recklessly or in willful disregard of Massachusetts law by instituting a policy and/or practice that did not allow Plaintiff and the Massachusetts Class Members to record all hours worked.

41. Due to the foregoing, Defendants' failure to pay overtime wages for work performed by Plaintiff and the Massachusetts Class Members in excess of 40 hours per workweek was willful and has been widespread, repeated and consistent.

## CLASS ALLEGATIONS

42. Pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3), Plaintiff seeks to prosecute her claims under Mass. Gen. Laws ch. 149, §§148 and 150, and Mass. Gen. Laws ch. 151, §§1A and 1B, on behalf of all persons who are or were formerly employed by Defendants as

ASMs at any time from three years from the date this Complaint is filed, to the entry of judgment in this case (the "Class Period").

43. Defendants violated Mass. Gen. Laws ch. 149, §§148 and 150, and Mass. Gen. Laws ch. 151, §§1A and 1B by failing to properly pay overtime wages to Plaintiff and other Massachusetts Class Members for all hours in which they worked over 40 in a given workweek.

44. Members of the Massachusetts Class are similarly situated because they all perform the same basic duties and assignments, and are all subject to Defendants' common policy and practice, implemented throughout Massachusetts, of classifying ASMs as exempt from the provisions of Mass. Gen. Laws. Ch. 151 §§1A and 1B.

45. The Massachusetts Class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, these similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records. Upon information and belief, there are at least 50 members of the Massachusetts Class.

46. Members of the Massachusetts Class are easily ascertainable from Defendants' own employment records.

47. Plaintiff's claims are typical of the claims of the members of the Massachusetts Class. Plaintiff has the same interests in this matter as all other members of the Massachusetts Class.

48. Plaintiff is an adequate class representative, is committed to pursuing this action, and has retained competent counsel experienced in wage and hour law and class action litigation.

49. Class certification of Plaintiff's Massachusetts claims are appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendants have acted or refused to act on grounds generally applicable to the Massachusetts Class, making declaratory and injunctive relief appropriate with respect to the Massachusetts Class as a whole. Members of the Massachusetts Class are entitled to injunctive relief to end Defendants' common and uniform policy and practice of denying the Massachusetts Class the wages to which they are entitled.

50. Plaintiff knows of no difficulty that would be encountered in the management of this litigation that would preclude its maintenance as a class action.

51. Class certification of Plaintiff's Massachusetts claims are also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Massachusetts Class predominate over questions affecting only individual members of the Massachusetts Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

52. The critical question of law and fact common to Plaintiff and the Massachusetts Class that will materially advance the litigation is whether Defendants are required by Massachusetts law to pay Plaintiff and the Massachusetts Class at a rate of 1.5 times its regular hourly rate for hours worked in excess of 40 hours per workweek.

53. Other questions of law and fact common to the Massachusetts Class that will materially advance the litigation include, without limitation:

    a. Whether Defendants employed Plaintiff and members of the Massachusetts Class within the meaning of Massachusetts law;

    b. What proof of hours worked is sufficient when the employer fails in its duty to maintain time records;

    c.    Whether Defendants failed and/or refused to pay Plaintiff and members of the Massachusetts Class their wages within six days of the termination of the pay period during which the wages were earned;

    d.    Whether Defendants failed to pay Plaintiff and members of the Massachusetts Class the legally required amount of overtime compensation for hours worked in excess of 40 hours per workweek, in violation of Massachusetts law;

    e.    Whether Defendants are liable for all damages claimed by Plaintiff and the Massachusetts Class, including, without limitation, compensatory, punitive, and statutory damages, interest, costs and disbursements, and attorneys' fees; and

    f.    Whether Defendants should be enjoined from continuing to violate Massachusetts law in the future.

### FIRST CAUSE OF ACTION: MASSACHUSETTS LAW OVERTIME CLASS ACTION CLAIM

54. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 53 as if they were set forth again herein.

55. Plaintiff brings this claim under Mass. Gen. Laws c. 151, §§1A and 1B. 51. Since at least the 1960's, it has been the public policy and law of the Commonwealth of Massachusetts that "…no employer in the commonwealth shall employ any of his employees…for a week longer than 40 hours, unless such employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed…" (Mass. Gen. Laws, ch. 151, §1A).

56. Mass. Gen. Laws ch. 151, §1B provides that employers who willfully, or with reckless indifference to the rights of their employees, fail to pay the overtime wages required by ch. 151, §1A shall be liable in a civil action brought by an aggrieved employee for three times the unpaid overtime wages owed by the employer.

57. Defendants violated Massachusetts law by failing to pay Plaintiff time and one-half her regular rate of pay for all hours she worked in excess of 40 hours in a workweek.

58. Plaintiff was subject to an unlawful policy or plan of Defendants under which she was classified as exempt from the provision of Mass. Gen. Laws ch. 151, §1A, despite the fact that she was assigned duties inconsistent with exempt status.

59. Defendants were aware of the duties performed by Plaintiff. Defendants were also fully aware that the duties of Plaintiff were inconsistent with exempt status, and that she was not exempt from the overtime provisions of Mass. Gen. Laws ch. 151, §1A.

60. By their conduct, Defendants violated Mass. Gen. Laws ch. 151, §1A by failing to pay Plaintiff time and one-half her regular rate of pay for all hours she worked in excess of 40 hours in a workweek.

61. Defendants' violations of Mass. Gen. Laws ch. 151, §1A were repeated, willful, and intentional.

62. Plaintiff has been damaged by these violations of Mass. Gen. Laws ch. 151, §1A.

63. Pursuant to Mass. Gen. Laws ch. 151, §§1A and 1B, Defendants are liable to Plaintiff for three times her unpaid overtime compensation, plus attorneys' fees and costs.

## SECOND CAUSE OF ACTION:
## MASSACHUSETTS LAW WAGE AND HOUR CLASS ACTION CLAIM

64.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 53 as if they were set forth again herein.

65.     Mass. Gen. Laws ch. 149, §148 provides that an employer must pay wages earned by an employee within six days of the termination of the pay period during which the wages were earned. Mass Gen. Laws ch. 149, §150 provides that any employee aggrieved by a violation of §148 may, at the expiration of ninety days after the filing of a complaint with the Attorney General, or sooner, if the Attorney General assents in writing, and within three years of such violation, institute and prosecute in his own name and on his own behalf, or for himself or for others similarly situated, a civil action for injunctive relief and any damages incurred, including treble damages for any loss of wages and other benefits.  An employee so aggrieved who prevails in an action shall be entitled to an award of the costs of the litigation and reasonable attorneys' fees.

66.     Defendants have violated Massachusetts law by failing to pay all compensation owed to Plaintiff within six days after the end of the pay period during which the wages were earned.

67.     Plaintiff has satisfied all prerequisites and conditions precedents necessary to seek the remedies sought in this action.

68.     Attached as Exhibit A hereto is a letter from the Commonwealth of Massachusetts, Office of the Attorney General, Fair Labor Division, authorizing Plaintiff to pursue the claims set forth in this Claim through a private lawsuit in civil court.

69.     Pursuant to Mass. Gen. Laws ch. 149, §§148 and 150, Defendants are liable to Plaintiff and the Massachusetts Class for three times their unpaid compensation, plus attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the Collective Action Members are entitled to and pray for the following relief:

   a. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (3) on behalf of the members of the Massachusetts Class and appointing Plaintiff and her counsel to represent the Massachusetts Class;

   b. A declaratory judgment that the practices complained of herein are unlawful under Mass. Gen. Laws ch. 149, §§148 and 150, and Mass. Gen. Laws ch. 151, §§1A and 1B;

   c. An injunction requiring Defendant to cease its unlawful practices under, and comply with, Mass. Gen. Laws ch. 149, §§148 and 150, and Mass. Gen. Laws ch. 151, §§1A and 1B;

   d. An award of unpaid wages for all hours worked in excess of 40 in a workweek at a rate of time and one-half of the regular rate of pay due under Mass. Gen. Laws ch. 151, §1A;

   e. An award of treble damages for the loss of wages and other benefits owed to Plaintiff and the Massachusetts Class, plus attorneys' fees and costs, pursuant to Mass. Gen. Laws. Ch. 149 §§148 and 150.

  f.  An award of liquidated and/or punitive damages as a result of Defendant's willful failure to pay for all hours worked in excess of 40 in a workweek at a rate of time and one-half of the regular rate of pay pursuant to Mass. Gen. Laws ch. 149, §§148 and 150, and Mass. Gen. Laws ch. 151, §§1A and 1B;

  g.  An award of damages representing the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

  h.  An award of prejudgment and post-judgment interest;

  i.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees and an award of a service payment to the Plaintiff;

  j.  Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to FED. R. CIV. P. 38(b), Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Dated: January 31, 2017        By: /s/ Fran L. Rudich_____
                   Fran L. Rudich
                   Seth R. Lesser*
                   Michael H. Reed*
                   KLAFTER OLSEN & LESSER LLP
                   Two International Drive, Suite 350
                   Rye Brook, NY 10573
                   Telephone: (914) 934-9200
                   Facsimile: (914) 934-9220
                   www.klafterolsen.com

                   Marc S. Hepworth*
                   David A. Roth*
                   Charles Gershbaum*
                   Rebecca S. Predovan*
                   HEPWORTH GERSHBAUM & ROTH, PLLC

192 Lexington Avenue, Suite 802
New York, NY 10016
Telephone: (212) 545-1199
Facsimile: (212) 532-3801
www.hgrlawyers.com

*Attorneys for Plaintiff and the Massachusetts Class*

\*to seek admission *pro hac vice*

# Exhibit A



# THE COMMONWEALTH OF MASSACHUSETTS
## OFFICE OF THE ATTORNEY GENERAL
ONE ASHBURTON PLACE
BOSTON, MASSACHUSETTS 02108

MAURA HEALEY
ATTORNEY GENERAL

(617) 727-2200
(617) 727-4765 TTY
www.mass.gov/ago

December 21, 2016

Fran L. Rudich, Esquire



RE:   Private Right of Action – Maria Cote

       Authorization for Immediate Private Suit –Petco Animal Supplies, Inc.

Dear Attorney Rudich:

Thank you for contacting the Office of the Attorney General's Fair Labor Division.

This letter is to inform you that we carefully reviewed the complaint and have determined that the proper resolution of this matter may be through a private suit in civil court. Accordingly, we are authorizing you to pursue this matter through a civil lawsuit immediately.

Massachusetts General Laws, chapter 149, sec. 150 and chapter 151, secs. 1B and 20 establish a private right of action for employees who believe they are victims of certain violations of the state wage laws. If you elect to sue in civil court, you may bring an action on your clients' behalf and others similarly situated, and they may obtain injunctive relief, treble damages for any lost wages and other benefits, as well as the costs of litigation and reasonable attorneys' fees.

Without making a judgment on the merits of the complaint, this correspondence represents this office's written assent to sue and grants you the authority to pursue this matter against the employer *as well as against the president, treasurer of the corporation and any officers or agents having the management of such corporation,* immediately, as permitted by Massachusetts General Laws chapters 149 and 151. This office will not take further enforcement action at this time.

Thank you for your attention to this matter.

                                                Sincerely,

                                                Fair Labor Division